**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| CINDY E. SCHWARZKOPF,        ) | |
|     Plaintiff,        ) | |
| vs.        ) | No. 3:12-CV-1468-P-BH |
|             ) | |
| MARK MCCOY, et. al,        ) | |
|     Defendants.        ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case has been automatically referred for screening. Based on the relevant filings and applicable law, the plaintiff's civil rights claims against Defendant Chad Parks should be **STAYED,** and her remaining claims should be **DISMISSED** with prejudice.

**I.  BACKGROUND**

Cindy E. Schwarzkopf (Plaintiff) sues Mark McCoy, Wanda Cox, Kohl's Department Stores, Inc. and Corporate Creations Network, Inc., Officer Chad Parks, and the City of Mesquite over an incident that occurred at a Kohl's department store in that city on May 11, 2010. (Compl. At 1). Plaintiff claims that she was: 1) falsely accused and arrested for crimes she did not commit; 2) assaulted, defamed, and subjected to religious discrimination by Kohl's employees McCoy and Cox; and 3) assaulted and defamed by Officer Parks. She contends that Kohl's, its registered agent, Corporate Creations Network, and the City are responsible for their employees' actions. (*Id*; First Magistrate Judge's Questionnaire (1st MJQ) (doc. 10) Ans. 1).[1]  Plaintiff asserts claims under 42 U.S.C. § 1983, Title VII of the Civil Rights Act, the Texas Human Rights Act, the Texas Constitution, and state tort law, and she seeks monetary damages and injunctive relief. *Id*.

As of August 10, 2012, misdemeanor charges of fraud by the removal of writing and theft

---

[1] Plaintiff's answers to the questions posed by the Court constitute an amendment to the complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

were pending against Plaintiff in Dallas County. She contends that her next court date is scheduled for August 22, 2012, and that she intends to plead not guilty, proceed to trial, and appeal any conviction. (2nd MJQ (doc. 13) Ans. 1, 2; *see also* www.dallascounty.org, search of plaintiff's criminal background). No process has been issued in this case.

## II. PRELIMINARY SCREENING

Because Plaintiff is proceeding *in forma pauperis*, her complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2). That statute provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

## III. TITLE VII

Plaintiff asserts that Kohl's and Corporate Creations Network, McCoy, and Cox violated her rights under Title VII when McCoy and Cox threatened her with injury, forced her to undress, and

2

lied to the police about her actions because she is Jewish. (1st MJQ (doc. 10) Ans. 1).

Title VII of the Civil Rights Act makes it unlawful for employers to discriminate against individuals with respect to their "compensation, terms, conditions, or privileges of employment, because of [their] race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Generally, a plaintiff must establish a prima facie case of discrimination by showing that she (1) is a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

Plaintiff has not alleged that she is or was either an employee of Kohl's or an applicant for employment there, only that she was a customer of the store on the relevant date. She has therefore failed to state a plausible Title VII claim for discrimination against these defendants.[2]

## IV. SECTION 1983

Plaintiff sues the City of Mesquite and Officer Parks under § 1983, which "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994).[3] To state a claim under § 1983, Plaintiff must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155

---

[2] Plaintiff's claims that these private individuals and entities discriminated against her on the basis of her religion does not state a viable claim under the civil rights statute that provides that all persons shall have the same right to make and enforce contracts as is enjoyed by white citizens because that statute does not apply to selectivity based on religion. *See* 42 U.S.C. § 1981; *Runyon v. McCrary*, 427 U.S. 160, 167-58 (1976).

[3] Plaintiff is not asserting § 1983 claims against McCoy, Cox, Kohl's and Corporate Creations. (*See* 1st MJQ (doc. 10) Ans. 1.)

(1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

A.   **Municipal Liability**

Plaintiff claims that the City of Mesquite is responsible for Officer Parks' behavior and her treatment in jail. (1st MJQ (doc. 10) Ans. 1).  After he arrested her at Kohl's and took her to jail, he kicked her and yelled "weird" things at her, and she was then chained to a wall for several hours, told that there were no civil rights after an arrest in Texas, and forced to clean the floor on her hands and knees.  (Compl. at 2).  She claims that she was denied her diabetes and thyroid medicine and was limited to two bottles of water a day and ham sandwiches, which she cannot eat for religious reasons.  (*Id.*; 1st MJQ (doc. 10) Ans. 1).

Municipalities, including cities, may be held liable under § 1983. *Hampton Co. Nat'l Sur., LLC v. Tunica County*, 543 F.3d 221, 224 (5th Cir. 2008).  To hold a municipality liable, plaintiffs must show an "underlying claim of a violation of rights," as well as "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Cox v. City of Dallas*, 430 F.3d 734, 748 (5th Cir. 2005).  One incident does not show a policy or custom. *World Wide Street Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 753-54 (5th Cir. 2009); *Pineda v. City of Houston*, 291 F.3d 325, 329 (5th Cir. 2002).  Moreover, in general, "single constitutional violations" are insufficient to infer a custom or policy.  *Piotrowski v. City of Houston,* 237 F.3d 567, 581 (5th Cir. 2001).  The official policy requirement means that municipal liability under § 1983 is limited to action for which the municipality is actually responsible. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 479-80 (1986).  Section 1983 does not allow a municipality to be held vicariously liable for its officers' actions on a theory of respondeat superior.  *See Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. N.Y. Dep't of Soc. Servs.*,

436 U.S. 658, 691–95 (1978).

Plaintiff has also not alleged any official policy or custom on the part of the City of Mesquite to deny her medication, water, or food, or to chain inmates to a wall and force them to clean floors. She only asserts generally that the discovery process may determine that such a policy or custom exists. (1st MJQ Ans. 8). This is insufficient to support a § 1983 claim against a municipality. Also, the City cannot be held responsible for Officer Parks' allegedly unconstitutional actions under a theory of respondeat superior. Plaintiff has failed to state a viable § 1983 claim against the City of Mesquite, and these claims should be dismissed.

**B.**   *Heck*

Plaintiff seeks monetary relief based on Parks' allegedly unconstitutional acts in searching her and arresting her on May 11, 2010. She claims that Parks arrested her although he knew she had not stolen anything, falsified the police report, twisted and pushed her arm behind her when he arrested her, and forced her to undress to search her for allegedly missing items. (Compl. at 1; 1st MJQ (doc. 10) Ans. 1).[4]

When a successful civil rights action would necessarily imply the invalidity of a plaintiff's conviction or sentence, *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), provides that the complaint must be dismissed unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. However, plaintiff has not yet been convicted of any crime. The

---

[4] Plaintiff asserts that Officer Parks assaulted her when she was forced to undress. (1st MJQ Ans. 1). To the extent that she is seeking to have him prosecuted for a crime, there is no constitutional right to have someone criminally prosecuted, *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes, *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007).

5

Supreme Court has held that *Heck* does not extend to cases where a plaintiff files a civil rights action challenging her arrest before any conviction. *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007); *see also DeLeon v. Corpus Christi*, 488 F.3d 649, 655 (5th Cir. 2007) (noting that the Supreme Court in *Wallace* refused to extend *Heck*'s application to pending criminal matters). In *Wallace*, the Supreme Court stated that:

> If a plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended.

*Id.* at 393-94.

Here, Plaintiff asserts claims that are related to her anticipated criminal trial, i.e., claims that she was falsely arrested and wrongfully searched. These issues will be determined in the criminal cases. The Court should therefore stay Plaintiff's § 1983 claims against Officer Parks pending resolution of the criminal charges against her. *See Profit v. Ouachita Parish*, 411 Fed. App'x 708, 709 (5th Cir. 2011) (noting with approval that the district court had stayed a civil case attacking the legality of a detainee's arrest, prosecution, and detention pending the resolution of the criminal charges); *Banks v. Gammon*, 2008 WL 2404967, slip op. at *3 (N.D. Tex. June 29, 2008) (staying a claim of false imprisonment made by a pretrial detainee).

## V. STATE LAW CLAIMS

Plaintiff also asserts the following state-law claims: 1) defamation by McCoy, Cox, and Parks by falsely accusing her and calling her derogatory names; 2) false imprisonment by McCoy

6

and Cox;[5] 3) fraud by Cox and Parks; 4) assault by McCoy and Cox;[6] 5) negligence by Kohl's and Corporate Creations Network; and 6) alleged violations of the Texas Constitution and the Texas Human Rights Act by McCoy, Cox, and Parks. (1st MJQ Ans. 1).

Federal courts may exercise supplemental jurisdiction over state claims in any civil action in which the court has original jurisdiction. 28 U.S.C. § 1367(a). However, whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000). When the Court dismisses the federal claims at a preliminary stage of litigation, judicial economy argues against the exercise of pendent or supplemental jurisdiction over state claims. *See LaPorte Constr. Co. v. Bayshore Nat'l Bank*, 805 F.2d 1254, 1257 (5th Cir. 1986). Because the majority of Plaintiff's federal claims are subject to dismissal as frivolous, her state law claims should be dismissed without prejudice to pursuing them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).[7]

---

[5] Because McCoy and Cox are civilian employees of Kohl's, the Court construes Plaintiff's claim that they falsely arrested her as a claim of false imprisonment under state law. *See Wal-Mart Stores, Inc. v. Rodriguez*, 92 S.W.3d 502, 506 (Tex. 2002) (stating the elements of the tort of false imprisonment as willful detention, without consent, and without authority of law).

[6] Plaintiff's assault claim against McCoy and Cox is also construed as a state claim. *See Johnson v. Davis*, 178 S.W.230, 240 (Tex. App.–Houston [14 Dist.], 2005) (elements for the tort of civil assault are the same as those for criminal assault). To the extent that she is seeking to have them prosecuted for criminal assault, there is no constitutional right to have someone criminally prosecuted, *Oliver v. Collins*, 914 F.2d at 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes, *Florance*, 500 F.Supp.2d at 626.

[7] The various state statute of limitations on Plaintiff's state claims are tolled while her state claims were pending in federal court and for a period of thirty days after dismissal, unless state law provides for a longer tolling period. *See* 28 U.S.C. § 1367(d). Under Texas state law, the applicable statute of limitations on a claim is tolled between the filing date of an action in one court and the filing date of the same action in a different court if the claim or claims are dismissed because of a lack of jurisdiction *and* the second action is filed with sixty days of the dismissal. TEX. CIV. PRAC. & REM. CODE ANN. § 16.064(a) (West 1985); *see also Vale v. Ryan*, 809 S.W.2d 324, 327 (Tex. App.–Austin, 1991, no writ) (holding that § 16.064 tolls the Texas state statute of limitations on any state law claim dismissed by a federal court declining to exercise its supplemental jurisdiction).

7

## VI.  RECOMMENDATION

Plaintiff's federal claims against McCoy, Cox, Kohl's and Corporate Creations Network, and the City of Mesquite should be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2). The Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, and these claims should be **DISMISSED** without prejudice to her pursuing them in state court. Plaintiff's § 1983 claims against Parks should be **STAYED,** and the Clerk of the Court should be **DIRECTED** to mark this action **CLOSED** for statistical purposes.  The Court should retain jurisdiction and order that the case may be reopened by motion of Plaintiff filed after the pending criminal charges have been resolved.  The motion must be filed within the statutory period of limitations for her claims or within sixty days of the date the criminal charges have been resolved, whichever date is later.

SIGNED this 16th day of August, 2012.

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

9